**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

KEVIN RICHARD STAS,

Plaintiff,

v. Case No. 2:25-cv-809-KCD-KRH

NAPLES LAND YACHT HARBOR, INC., and MICHAEL A. ESPINOLA,

Defendants.
_____________________________/

**ORDER**

Before the Court is Defendants' Motion to Compel Discovery. (Doc. 79).[1] Although Defendants specifically identify specific Requests for Interrogatories and Production, *see, e.g.*, (Doc. 79 at 5, 14, and 16), Defendants also state "[c]ollectively, the Stases have not produced one (1) responsive document." (Doc. 79 at 23). To that end, the Court construes Defendants' Motion as a request to order Plaintiff and non-parties (Michael Stas and Gail Stas) to fully and properly respond to *all* of Defendants' Interrogatories and Request for Production.[2] The Motion is granted and denied in part.

**Brief Procedural History**

On April 8, Defendants filed this Motion (Doc. 79). If the Motion was

[1] Defendants filed the Motion with exhibits included within the same attachment as the Motion itself. (Doc. 79). Going forward, exhibits to a paper must be filed as separate PDF attachments—as ordered. (Doc. 8 at 7-8).

[2] For clarity given the same last names, this order refers to Gail and Michael Stas by their first names only.

opposed by Plaintiff, he had fourteen days to respond. M.D. Fla. Local R. 3.01(d) ("A party may respond to a motion within fourteen days after service of the motion."). That said, while non-party Michael responded to Defendants' Motion to Compel (Doc. 96), Plaintiff did not.

Michael Stas responded to the Motion as it related to non-party subpoenas served by Defendants on Michael and Gail. Gail filed various papers late. (Docs. 106; 107; 108; 109).

## Discussion

First, the Court addresses some overarching discovery principles that the parties must keep in mind. Second, the analysis turns to the Motion regarding Plaintiff. Third, this order resolves the disputes as to each non-party. Fourth, the Court handles expenses for this Motion. And fifth, some issues about filings or representation must be noted.

### 1. Guardrails Going Forward

Up front, the Court reminds the parties that discovery is neither a weapon for a party to cast in the shadow of uncertainty nor a setting to engage in an evidentiary fishing expedition. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit [a party] to go on a fishing expedition."); *see also* Fed. R. Civ. P. 33(a)(2), 34(b)(1) (providing that interrogatories and requests for production must be reasonable particularized); Fed. R. Civ. P. 26(b)(1) (stating that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case");

*Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 U.S. Dist. LEXIS 20944 (M.D. Fla. Feb. 21, 2012).

Consequently, "A party may file a motion to compel against another party who fails to answer an interrogatory submitted under [Rule 33] or fails to produce documents or permit inspection of documents [under Rule 34] within its possession, control, or custody." *Gov't Emps. Ins. v. Clear Vision Windshield Repair, LLC*, No. 6:16-cv-2077-Orl-28TBS, 2017 U.S. Dist. LEXIS 61569, at *9 (M.D. Fla. Apr. 24, 2017) (citations omitted). "District courts have broad discretion in managing pretrial discovery matters and in deciding whether to grant motions to compel." *Rubenstein Law, P.A. v. Friedman Law Assocs., P.L.*, No. 8:16-cv-1511-T-36JSS, 2017 U.S. Dist. LEXIS 42163, at *3 (M.D. Fla. Mar. 23, 2017) (citations omitted).

At any rate, the Court reminds the parties of another aspect of discovery: that "[b]oilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case." Middle District Discovery (2021), at Section III.A.6. Such "[o]bjections stating that a request is 'vague', 'overly broad', or 'unduly burdensome' are meaningless standing alone." *Martin v. Zale Del., Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 U.S. Dist. LEXIS 105215, at *3 (M.D. Fla. Dec. 15, 2008) (citation omitted). "A party objecting on these grounds must explain its reasoning in a specific and particularized way." *Id.* "Discovery in this district should be practiced with a spirit of cooperation and

civility." Middle District Discovery (2021), at Section I.A.1.

Too, "it is common practice for a party to assert boilerplate objections and then state that 'notwithstanding the above,' the party will respond to the discovery request, [or state] 'subject to or without waiving the objection.'" *Martin*, 2008 U.S. Dist. LEXIS 105215, at *4 (citation omitted). "Such an objection and answer preserves nothing and wastes the time and resources of the parties and the court." *Id.* "Further, this practice leaves the requesting party uncertain as to whether the opposing party has fully answered its request." *Id.* (citation omitted). Put simply, "Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules." *Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire Ins.*, No. 2:10-cv-753-FtM-36SPC, 2011 U.S. Dist. LEXIS 106624, at *12 (M.D. Fla. Sep. 20, 2011) (citation omitted).

Likewise, the parties are also reminded that "a request for documents . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' or a request for '[all of] the documents you believe support [a particular allegation]' is objectionably broad in most cases." Middle District Discovery (2021), at Section III.A.1. With the above in mind, the Court will address the Interrogatories and Request for Production with the associated responses in turn.

**2. Motion to Compel Regarding Plaintiff**

"[A] motion to compel discovery is committed to the discretion of the trial court." *Com. Union Ins. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) (citation

omitted). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts." *Broad. Music, Inc. v. Bourbon St. Station, Inc.*, No. 3:09-cv-468-J-25MCR, 2010 U.S. Dist. LEXIS 12555, at *3 (M.D. Fla. Jan. 26, 2010). To the end, "Discovery is intended to operate with minimal judicial supervision." *Id.*

That said, as to Plaintiff, Defendants seek to compel responsive answers and documents to their discovery inquiries. Plaintiff served Defendants with written responses and objections. (Doc. 79 at 69-82). Again, however, Plaintiff did not respond to this Motion. This is Plaintiff's case. While he is pro se, Plaintiff is still held to deadlines and must comply with all applicable rules. *E.g.*, *Brandau v. Warden, FCC Coleman-Medium*, 476 F. App'x 367, 369 (11th Cir. 2012).

The failure to respond to a discovery motion does not avoid treatment as unopposed. *See, e.g.*, *Daisy, Inc. v. Pollo Operations*, No. 2:14-cv-564-FtM-38CM, 2015 U.S. Dist. LEXIS 63414, at *1 (M.D. Fla. May 14, 2015). So the Motion is treated as unopposed. M.D. Fla. Local R. 3.01(d); *see, e.g.*, *Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024). And Plaintiff waived every single objection that he could have possibly made (apart from perhaps privilege if cognizable under federal law). *See, e.g.*, *Martin v. Sam's E., Inc.*, No. 6:25-cv-302-GAP-LHP, 2026 WL 1069354, at *1-2 (M.D. Fla. Apr. 20, 2026). The objections are, therefore, overruled.

The facts make it clear that the Court must grant this Motion. Most of

Plaintiff's responses were boilerplate, non-specific objections to discovery. *See generally* (Doc. 79 at 72-82). But even where Plaintiff promised to produce records "subject to and without waiving these objections," he still hasn't produced a single record after many months. *See, e.g.*, (Doc. 79 at 3, 72). Some documents that Defendants seek are as basic as medical records to support whether Plaintiff has the disability at issue here. Such obstruction is a nonstarter.

As to Plaintiff, Defendants' Motion is granted. Plaintiff must completely and properly respond—including supplementation of any previous responses—to Defendants' Interrogatories and Document Requests.

### 3. Motion to Compel Regarding Non-parties

Apparently, Michael and Gail failed to object timely to Defendants' request to produce documents. According to Defendants, on February 3 or 4, Michael and Gail "were served with separate non-party subpoenas for documents." (Doc. 79 at 2). Michael doesn't contest this. (Doc. 96 at 3-4). Too, the date of compliance notated on the subpoenas was March 2. (Doc. 79 at 49, 57). The record reflects that Michael and Gail served their objections on February 23, (Doc. 79 at 83-86, 87-92), which is beyond the fourteen-day objection period. Fed. R. Civ. P. 45(d)(2)(B) (stating that a person seeking to object to specific discovery requests contained within a subpoena that commands a person to produce documents must—within the "earlier of the time specified for compliance or 14 days after the subpoena is served"—serve written objections to the serving party).

In short, Michael and Gail's late objections should render their opposition

toothless. *See Universal City Dev. Ptnrs, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005) ("Failure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have.").

Even so, the Court realizes that these are *non-party* subpoenas served on pro se individuals. To expedite matters and hopefully avoid future discovery disputes, the Court will still rule on Michael and Gail's objections given their non-party status.

For these reasons, the Court will deny the Motion, quash the subpoenas on Michael and Gail, and allow Defendants to reserve more tailored subpoenas (if needed) after Plaintiff produces compliant responses.

A. Defendants' Document Requests on Gail[3]

Gail served objections to Defendants' document requests. (Doc. 79 at 83-86). The Motion is granted and denied in part. Gail's objections (liberally construed) are overruled. Still, the Court will phase discovery as explained.

To start, Requests 1, 8-11, 13, 15, 17, 20-25, 27, 29, and 31 are all moot since they seek responses in reference to an inoperative complaint. Otherwise, several Requests are overbroad. Some are tailored and narrow—such as specific requests for caregiver-related documents; others are facially burdensome like years' worth of documents related to Defendants.

[3] The numbering sequence for document requests in this section mirrors the sequence that Defendants used in the document requests sections of Exhibits C and D (Doc. 79 at 44-68). The Court groups its rulings where relevant to avoid repetition.

Plus, it is unclear (mostly due to the absence of particularized objections or any production) whether the subpoena on Gail is even needed after any production by Plaintiff. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Comparing the now-compelled discovery requests and subpoenas, the Court sees obvious, significant overlap. Defendants are right that availability of records from another source might not be conclusive for a document request on a party. *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 699 n.18 (S.D. Fla. 2011). But parties (under Rule 34) and non-parties (under Rule 45) are not treated equally. *E.g.*, *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009) ("Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue."). The availability of records from a party is highly relevant to the undue burden analysis on a non-party. *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 590-91 (N.D. Ill. 2020); *TQP Dev. LLC v. Alaska Air Grp., Inc.*, No. 1:12-CV-3065-AT-JSA, 2012 WL 13128182, at *3 (N.D. Ga. Nov. 28, 2012). So too would be whether the responsive records were already produced. *See Serrala US Corp. v. Paschke*, No. 3:21-CV-907/TKW/ZCB, 2022 WL 19333286, at *2 (N.D. Fla. Sept. 7, 2022).

To move discovery along in the most efficient manner, the Court will phase discovery for a subpoena on Gail. After Plaintiff complies with the ruling above and produces documents, Defendants may redraft more narrowly tailored requests that are reasonably particularized, relevant, and proportional to the needs of the case to account for any document deficiencies. If that occurs, Gail can then respond consistent with this Order.

To the extent that Gail is properly served with a future valid subpoena, the Court expects her to comply with the directive in this Order. She must fully and accurately respond to Defendants' document requests. Any objections should be particularized and specific to this case.

Boilerplate, general objections that lack specificity aren't allowed in federal court. *See* Fed. R. Civ. P. 34(b)(2)(B), (C) (stating the proper manner to respond and object to requests for documents); *Panola Land Buyers Asso. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (finding that discovery responses must be "plain enough and specific enough so that the court can understand" the objection); *Martin*, 2008 U.S. Dist. LEXIS 105215, at *3 (finding boilerplate objections meaningless). "A party objecting on these grounds must explain its reasoning in a specific and particularized way." *Martin*, 2008 U.S. Dist. LEXIS 105215, at *3 (citation omitted) (citing *Guzman*, 249 F.R.D. at 400). A court "should not grant [a motion to compel] in the face of well-developed, bona fide objections without a meaningful explanation of its decision." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 (11th Cir. 1997). But many of Gail's objections were facially inapposite. Put simply, global objections to discovery requests will not be allowed.

B. Defendants' Document Requests on Michael

Michael served objections to Defendants' document requests. (Doc. 79 at 87-92). He also responded to the Motion. (Doc. 96). Michael throws several different challenges at Defendants' subpoena and associated requests.

The Court's reasoning as articulated in Section 3(A) above applies with equal

force to Michael. So the subpoena on Michael will be handled the same as that on Gail. Even so, the Court briefly dispenses with a few pertinent challenges to prevent (or mitigate) future discovery-related motion practice.

Michael alleges that Defendants' Motion is procedurally defective as to him because the conferral date—required by Local Rule 3.01(g)—is blank in Defendants' Motion. (Doc. 96 at 2). Put simply, Michael asserts that a blank certificate date is fatal to a Motion. That said, the Court reviewed the Motion from every angle, and Defendants have a date noted in the conferral section. (Doc. 79 at 25). As Defendants stated, their "office attempted to confer obtain dates for a good faith conference with non-parties, Michael Stas and Gail Stas from Plaintiff via email on April 7 and April 8, 2026, and Plaintiff represented that Michael and Gail oppose the relief sought in this motion." (Doc. 79 at 25). Michael's opposition on that front is head scratching.

Michael also asserts (among other things) that the subpoena is "facially sweeping," he "timely served written objections and a substantive response," and the subpoena seeks to produce documents outside of 100 miles. (Doc. 96 at 3-5). Michael conflates Defendants' discovery requests with the actual subpoena served on him. Again, it appears that Michael failed to object to the subpoena in a timely manner. To the extent that the subpoena's place of compliance could violate Federal Rule 45(c)(2)(A), it is uncertain whether that provision even applies. In the age of modern litigation—with discovery easily exchanged electronically or (at worst) by mail—the place-of-compliance limitation of 100 miles is far less

applicable. *E.g.*, *Planet Fitness Int'l Franchise v. JEG-United, LLC*, 602 F. Supp. 3d 258, 263-64 (D.N.H. 2022). And there is no indication Defendants are demanding that Michael drive the records up to Orlando.

Like Plaintiff and Gail, Michael attempts to muddy the discovery waters through boilerplate objections in conjunction with non- and partial-responses. *See Lorenzano v. Sys., Inc.*, No. 6:17-cv-422-Orl-37DCI, 2018 U.S. Dist. LEXIS 239462, at *10-11 (M.D. Fla. Jan. 24, 2018) (citation omitted) ("By [p]roviding responsive documents subject to boilerplate objections . . . the producing party fails to clearly describe the limitation in its response, does nothing but muddy the waters as to what has been produced and what has been withheld."). Again, that practice is not proper.

C. Conclusion on Non-parties

As explained, this Motion is denied without prejudice regarding the subpoenas on Michael and Gail. After Plaintiff's production, Defendants may re-serve any necessary, more-tailored subpoenas on Michael and/or Gail.

**4. Expenses for Motion**

Defendants seek fees incurred for making and prosecuting this Motion to Compel. (Doc. 79 at 24). Their points are well taken considering the nature of this Motion and the responses in question. To be sure, the Court could award expenses to Defendants. *See* Fed. R. Civ. P. 37(a)(5)(C) ("[A]fter giving an opportunity to be heard, [a Court can] apportion the reasonable expenses for the motion."). Yet, at this stage of litigation, expenses for motion practice are unwarranted.

The Court holds ultimate discretion over the award of fees. *See id.* (denoting that a court "may" "after giving an opportunity to be heard, apportion . . . reasonable expenses). The Court will not grant expenses. But if the Court must intervene in future discovery disputes, it may exercise its discretion the other way. Said differently, the Court might award fees on any new discovery fights.

**5. Court Filings and Representation Issue**

Put bluntly, the filings by Plaintiff, Michael, and Gail are in disarray. They violate this District's typography requirements. M.D. Fla. Local R. 1.08. Some—like Gail's responses here—come way late. Worse yet, documents are scattered across multiple filings throughout the docket (e.g., Docs. 106; 107; 108; 109). This violates Local Rule 3.01(b). These sorts of errors must be fixed.

But they aren't alone. The Court also notes that multiple documents have seemingly been filed by Plaintiff for the benefit of non-party Michael. For example, Documents 95 and 96 were purportedly filed by Plaintiff, but they were signed by Michael and only inure to Michael's benefit.

This is not allowed in federal court. *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (per curiam) ("The right to appear [pro se] . . . is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others."). To that end, if Michael or Gail seeks to file papers in this case, then they must do so on their own behalf. The same directive applies to times when non-parties seek to file on Plaintiff's behalf. Michael and Gail are free to assist Plaintiff with the ministerial act of physically

delivering a paper to the Clerk's Office. Yet neither Plaintiff, Michael, nor Gail is a lawyer; they cannot act as a legal representative to make a federal filing for another person. Put simply, no pro se individual—whether a named party or interested non-party—can file papers on behalf of another party.

Relatedly, Defendants suggest that Michael (or another person) has been providing attorney-like assistance to Plaintiff, who is proceeding pro se. To the extent these accusations ring true, such assistance is prohibited. To be clear, "As 'the law does not distinguish between pro se litigants and pro se litigants who have legal training, . . . a non-party . . . may not assist or appear to represent [a plaintiff] in [an] action.'" *Nathansen v. City of Ocala*, No. 5:25-cv-629, 2026 U.S. Dist. LEXIS 108712, at *4 (M.D. Fla. May 18, 2026).

More importantly, it is a felony in Florida to engage in the unlicensed practice of law:

> Any person not licensed or otherwise authorized to practice law in this state who practices law in this state or holds himself or herself out to the public as qualified to practice law in this state, or who willfully pretends to be, or willfully takes or uses any name, title, addition, or description implying that he or she is qualified, or recognized by law as qualified, to practice law in this state, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 454.23. Michael and Gail even claim work-product privilege. (Doc. 79 at 84, 88). That privilege generally applies to someone actively engaged in providing legal advice or building a case. If either person properly asserted that privilege here (through a privilege log), it would raise red flags about improper representation.

To the extent that Michael and/or Gail are preparing and filing substantive legal documents for Plaintiff or offering legal advice, that must stop. There are good reasons why individuals must graduate from law school and pass the bar exam before representing a person in court. Things that happen here have real repercussions on people's lives. Minimum competence in representation is a must. These days, many pro se individuals believe that whatever gets spit out by generative AI can compress any knowledge gaps; but they are usually mistaken. While transformative, that technology is still light-years away from what an attorney can produce in terms of legal reasoning. It's also often mistake prone—for instance, double-printing the Amended Complaint without removing a prompt:

> **VII. DEMAND FOR BENCH TRIAL**
>
> **Plaintiff does not demand a jury trial and requests a bench trial on all issues so triable.**
>
> **thats good but bold romen numaler headers and seperacte with a break line**

(Doc. 66 at 6). So non-lawyers cannot represent other non-lawyers under the auspices of being pro se even with help from AI.

If Plaintiff wants to prosecute this case, he must do so on his own or—more advisably—hire a licensed attorney to defend his interests. Any disguised unlicensed practice of law may result in sanctions, including dismissal of the case.

**ORDERED**:

1. With respect to Plaintiff, Defendants' Motion to Compel is **GRANTED**. (Doc. 79).

    a. **On or before September 25**, Plaintiff must completely and

properly respond to Defendants' Interrogatories and Document Requests, and serve the response accordingly, consistent with this Order.

b. **On or before September 25**, Plaintiff must supplement and serve Plaintiff's responses to Defendants' First Set of Interrogatories and Document Requests consistent with this Order.

2. With respect to non-parties Gail Stas and Michael Stas, Defendants' Motion to Compel is **DENIED without prejudice**. (Doc. 79). The objections are **OVERRULED** and **SUSTAINED in part**.

a. Within fourteen (14) days after Plaintiff produces responsive documents in compliance with this order, Defendants may serve any necessary subpoenas on Michael Stas and/or Gail Stas.

b. If new subpoenas are served, all sides must comply with the discovery principles set out in this order—which track those required by the Federal Rules and the Middle District Civil Discovery Handbook.

3. As to Defendants' request for expenses and fees incurred by making and prosecuting this dispute, the Motion is **DENIED**.

4. Given the rulings above, some other motions are moot. Plaintiff's Motion for Protective Order or to Quash Non-party Subpoenas (Doc. 82) and Defendant's Motion to Strike (Doc. 110) are **DENIED as moot**.

In Fort Myers, Florida, on September 8, 2026.

Kevin R. Huguelet
United States Magistrate Judge